| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br>PAUL B. DAVIS,<br><br>     Plaintiff<br><br> -against-<br><br>.<br>CORY ARCANGEL, and DOES 1-10,<br><br>     Defendants.<br>----------------------------------------------------------------x | 21-cv-03663<br><br>**Declaration in Support of**<br>**Motion for Extension of Time**<br>**to Serve Complaint** |

   I, Laura D. Castner, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

   1.  I am an attorney with Mazzola Lindstrom LLP, counsel for plaintiff Paul B. Davis in the above-captioned matter, and am licensed to practice law in California, New York and New Jersey. My application for admission to the Eastern District of New York is pending. I have personal knowledge of the facts stated herein and if called upon, could and would competently testify thereto.

   2.  On or about June 29, 2021, my office filed the Complaint in this action.

   3.  According to defendant's website, he is "living and working somewhere / somehow in-between, Stavanger, Norway & Brooklyn, New York." *See* https://coryarcangel.com/about/. Based on information regarding defendant's Brooklyn and Stavanger addresses provided by plaintiff, and a June 29, 2021 email from a Swedish attorney claiming to represent defendant and his studio, confirming that a demand letter sent by Mazzola Lindstrom to defendant's Stavanger address in May 2021 was received and that due to vacations they would not be able to respond until late August, my office sought to obtain a waiver of service of from defendant pursuant to

Rule 4(d) of the Federal Rules of Civil Procedure. On or about July 2, 2021, my office sent via both the United States Postal Service and FedEx, to each of defendant's Brooklyn and Stavanger addresses, copies of the Complaint, a request that defendant waive service of the Summons, two copies of a Waiver of the Service of Summons, and prepaid return envelopes.

4. To the best of our knowledge, both packages sent to Brooklyn were delivered; and the package sent to Stavanger, Norway via United States Postal Service was delivered. The FedEx package sent to defendant's address in Stavanger, Norway was refused and returned to Mazzola Lindstrom's New York office during the week of September 13, 2021.

5. On September 20, 2021, my colleague Wendy Lindstrom and I received an email from a New York attorney, Andrew R. Goldenberg of Thompson LLP, advising that they represent defendant in this action, and attaching correspondence. Among other things, defendant's counsel has asserted that defendant is a domiciliary of Norway and must be served via the Hague Convention.

6. Ms. Lindstrom and I were both traveling outside New York during the week of September 19, 2021. On September 23, 2021, I wrote to Mr. Goldenberg, noting that multiple sources, including defendant's website, indicate that he lives and works in both Brooklyn and Norway; but that as it appeared they were rejecting our efforts to serve defendant pursuant to Fed. R. Civ. P. Rule 4(d), we would serve him via the Hague Convention, and seek recovery of the costs of doing so. I further asked Mr. Goldenberg to advise if this understanding was incorrect, and if so to confirm that defendant is waiving service of the Complaint and return the Waiver of Service of the Summons promptly to us.

7. On September 24, 2021, I again emailed Mr. Goldenberg, asking that he advise whether defendant would waive service of the Complaint pursuant to Fed. R. Civ. P. 4(d), and

further advising that we have initiated personal service pursuant to the Hague Convention in Norway, based on the representations in his September 20, 2021 letter, and asked if he would agree to extend Plaintiff's time to serve via the Hague Convention. I informed Mr. Goldenberg that my office would be filing a motion with the Court to extend the time to serve the Complaint, and would note his response. I also called Mr. Goldenberg's office and left a message conveying the same information.

8. Subsequently, Mr. Goldenberg and I spoke by phone, and he advised that he had yet to get in touch with his client, could not say yet whether they would agree to our request, and was taking no position on the matter.

9. Neither defendant, nor Mr. Goldenberg or his office have entered an appearance in this action.

10. On September 24, 2021, my office had a search performed of records of the New York Division of Motor Vehicles, and learned that defendant has a current New York driver's license which expires in 2028, and an address in Gansevoort, New York. My office prepared a [Proposed] Summons with this address, and has submitted it to the Court via ECF for issuance (Docket No. 7). We are also preparing a [Proposed] Summons with defendant's Stavanger, Norway address, for issuance by the Court.

11. In addition, we have arranged for translation of the Complaint into Norwegian and transmittal of the Complaint and necessary ancillary documents to the central authority for effectuating service in Norway by Process Server One, which specializes in Hague Convention service of process. According to Process Server One's representative, it is estimated that completion of service of the Complaint on defendant in Norway will take approximately sixty to

ninety days. *Please see* the concurrently-submitted Declaration of Jim Reynolds Regarding Commencement of Hague Convention Protocols.

12. Based on the June 29, 2021 filing date of the Complaint, the ninety-day period for service will expire on September 27, 2021.

13. Although plaintiff is undertaking the process of serving the Complaint via the Hague Convention protocols, given the requirement to have the Complaint translated and processed through the Norwegian authorities, it will not be possible to complete this process and have the Complaint served on defendant in Norway by September 27, 2021.

14. Plaintiff has not previously requested an extension of time to complete service of the Complaint.

15. Given that defendant and his counsel have not yet appeared in this action, and the need to preserve plaintiff's rights with respect to the time for serving the Complaint, it is our understanding that plaintiff's FRCP Rule 4 Motion for Extension of Time to Serve Complaint is exempt from Rule III.D of the Court's Individual Motion Practice and Rules, pursuant to Rule III.E.

16. We therefore respectfully request that the Court allow plaintiff an additional ninety days to serve the Complaint on defendant via the Hague Convention protocols.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Redondo Beach, California
September 24, 2021

*Laura Castner*
_____
Laura D. Castner

4