UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                    :
PAUL B. DAVIS,                                      :        Case No. 21-cv-03663
                                                    :
                              Plaintiff,            :
                                                    :        **ANSWER AND**
            -against-                               :        **COUNTERCLAIMS**
                                                    :
CORY ARCANGEL, and DOES 1-10,                       :
                                                    :        **JURY TRIAL DEMANDED**
                              Defendants.           :
                                                    :
---------------------------------------------------------------x

## ANSWER

Defendant Cory Arcangel ("Arcangel" or "Defendant") responds to the Complaint of Plaintiff Paul B. Davis ("Davis" or "Plaintiff") as follows:

To the extent not specifically admitted herein, Arcangel denies all allegations in the Complaint, including all allegations contained therein that are not specifically set forth in enumerated paragraphs.

## NATURE OF THE ACTION

1.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 1 of the Complaint.

2.      Arcangel denies the allegations contained in ¶ 2 of the Complaint.

3.      Arcangel denies the allegations contained in ¶ 3 of the Complaint.

4.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 4 of the Complaint.

5.      Arcangel denies the allegations contained in ¶ 5 of the Complaint, except to admit he is a U.S. citizen and resides in Norway.

6.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 6 of the Complaint.

## JURISDICTION

7.      Arcangel neither admits nor denies the allegations contained in ¶ 7 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.

8.      Arcangel neither admits nor denies the allegations contained in ¶ 8 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.

9.      Arcangel neither admits nor denies the allegations contained in ¶ 9 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.

## VENUE

10.      Arcangel neither admits nor denies the allegations contained in ¶ 10 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.

## FACTS

11.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 11 of the Complaint.

12.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 12 of the Complaint.

13.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 13 of the Complaint.

14.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 14 of the Complaint.

15.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 15.

16.     Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 16 of the Complaint.

**Plaintiff's Nintendo Cartridge Work**

17.      Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 17 of the Complaint.

18.     Arcangel denies the allegations contained in ¶ 18 of the Complaint, except to admit he was a member of The Beige Programming Ensemble.

19.     Arcangel denies the allegations contained in ¶ 19 of the Complaint, except to admit Plaintiff was involved in Nintendo artworks.

**Plaintiff And Defendant Created the Joint Works**

20.     Arcangel denies the allegations contained in ¶ 20 of the Complaint, except to admit Plaintiff and Defendant collaborated on some art projects and had been roommates at the Oberlin Conservatory of Music.

21.     Arcangel denies the allegations contained in ¶ 21 of the Complaint, except to admit that Plaintiff and Defendant collaborated on *Fat Bits*, *Untitled Landscape Study*, *Rudy's Cakewalk*, and *Naptime*.

22.     Arcangel denies the allegations contained in ¶ 22 of the Complaint.

23.     Arcangel denies the allegations in ¶ 23 of the Complaint, except to admit there was a grant awarded by the New York State Council on the Arts.

24.     Arcangel denies the allegations contained in ¶ 24 of the Complaint.

25.     Arcangel admits the allegations contained in ¶ 25 of the Complaint, except to deny knowledge or information sufficient to form a belief as to whether Plaintiff proposed the title to *Rudy's Cakewalk*.

26.     Arcangel admits the allegations in ¶ 26 of the Complaint.

27.     Arcangel denies the allegations contained in ¶ 27 of the Complaint.

28.     Arcangel denies the allegations contained in ¶ 28 of the Complaint.

29.     Arcangel denies the allegations contained in ¶ 29 of the Complaint.

30.     Arcangel denies the allegations contained in ¶ 30 of the Complaint.

31.     Arcangel denies the allegations contained in ¶ 31 of the Complaint.

32.     Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 32 of the Complaint.

33.     Arcangel denies the allegations contained in ¶ 33 of the Complaint.

34.     Arcangel denies the allegations contained in ¶ 34 of the Complaint.

35.     Arcangel denies the allegations contained in ¶ 35 of the Complaint, except to admit that a third party credited *Naptime* to Plaintiff and Defendant in a 2004 publication.

36.     Arcangel denies the allegations contained in ¶ 36 of the Complaint.

**Defendant Attributes The Joint Works Solely To Himself**

37.     Arcangel denies the allegations contained in ¶ 37 of the Complaint, except to admit that he started presenting himself in interviews, articles, and to the public as the sole author of *Super Mario Clouds* in 2002 and *Totally Fucked* in 2003.

38.     Arcangel denies the allegations contained in ¶ 38 of the Complaint.

39.     Arcangel denies the allegations contained in ¶ 39 of the Complaint.

40.     Arcangel denies the allegations contained in ¶ 40 of the Complaint, except to admit that a third party credits *Super Mario Clouds* v2k3 as Defendant's work.

41.     Arcangel denies the allegations contained in ¶ 41 of the Complaint, except to admit that a third party credited *Rudy's Cakewalk* as Defendant's work.

42.     Arcangel denies the allegations contained in ¶ 42 of the Complaint.

43.     Arcangel denies the allegations contained in ¶ 43 of the Complaint.

44.     Arcangel admits the allegations in ¶ 44 of the Complaint.

45.     Arcangel neither admits nor denies the allegations contained in ¶ 45 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 45 of the Complaint.

**Defendant Has Unilaterally Exploited, Sold, And Created Editions Of Various Joint Works For Sale**

46.     Arcangel denies the allegations contained in ¶ 46 of the Complaint, except to admit that Defendant has consigned artwork that he solely authored to art galleries.

47.     Arcangel denies the allegations contained in ¶ 47 of the Complaint, except to admit that Defendant has consigned artwork that he solely authored to art galleries.

48.     Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 48 of the Complaint.

49.     Arcangel admits the allegations contained ¶ 49 of the Complaint.

50.     Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 50 of the Complaint.

51.     Arcangel denied the allegations in ¶ 51 of the Complaint, except to admit editions of *Totally Fucked* were sold and offered for sale by third parties.

52.     Arcangel denies the allegations in ¶ 52 of the Complaint.

53.     Arcangel denies knowledge or information sufficient to form a belief as to the allegations contained ¶ 53 of the Complaint.

54.     Arcangel denies the allegations contained in ¶ 54 of the Complaint.

55.     Arcangel denies the allegations contained in ¶ 55 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

56.     Arcangel repeats and realleges the responses and allegations contained in ¶¶ 1 through 55 of this Answer as if fully set forth herein.

57.     Arcangel denies the allegations contained in ¶ 57 of the Complaint, except admit that Plaintiff and Defendant collaborated on *Fat Bits, Untitled Landscape Study*, *Rudy's Cakewalk*, and *Naptime*.

58.     Arcangel denies the allegations contained in ¶ 58 of the Complaint.

59.     Arcangel denies the allegations contained in ¶ 59 of the Complaint.

60.     Arcangel denies the allegations contained in ¶ 60 of the Complaint.

61.     Arcangel neither admits nor denies the allegations contained in ¶ 61 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 61 of the Complaint.

62.     Arcangel neither admits nor denies the allegations contained in ¶ 62 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 62 of the Complaint.

63.     Arcangel neither admits nor denies the allegations contained in ¶ 64 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 64 of the Complaint.

64.     Arcangel denies the allegations contained in ¶ 64 of the Complaint.

65.     Arcangel neither admits nor denies the allegations contained in ¶ 65 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 65 of the Complaint.

66.     Arcangel admits the allegations contained in ¶ 66 of the Complaint.

67.     Arcangel denies the allegations contained in ¶ 67 of the Complaint, except to admit that Plaintiff never agreed in a signed writing that *Fat Bits*, *Untitled Landscape Study*, *Rudy's Cakewalk*, and *Naptime* should be considered works made for hire.

68.     Arcangel denies the allegations contained in ¶ 68 of the Complaint.

69.     Arcangel denies the allegations contained in ¶ 69 of the Complaint.

70.     Arcangel denies the allegations contained in ¶ 70 of the Complaint except to admit that Plaintiff never transferred or waived his right to claim authorship of *Fat Bits*, *Untitled Landscape Study*, *Rudy's Cakewalk*, and *Naptime*.

71.     Arcangel denies the allegations contained in ¶ 71 of the Complaint, except to admit that he started presenting himself in interviews, articles, and to the public as the sole author of *Super Mario Clouds* and *Totally Fucked* starting in 2002.

72.     Arcangel neither admits nor denies the allegations contained in ¶ 72 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 72 of the Complaint.

73.     Arcangel neither admits nor denies the allegations contained in ¶ 73 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To

the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 73 of the Complaint.

## SECOND CAUSE OF ACTION
### (Injunctive Relief Under the Visual Artists Rights Act, 17 U.S.C. §106A)

74.     Arcangel repeats and realleges the responses and allegations contained in ¶¶ 1 through 73 of this Answer as if fully set forth herein.

75.     Arcangel neither admits nor denies the allegations contained in ¶ 75 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 75 of the Complaint.

76.     Arcangel neither admits nor denies the allegations contained in ¶ 76 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 76 of the Complaint.

## THIRD CAUSE OF ACTION
### (Accounting, Imposition of Constructive Trust and Payment To Plaintiff)

77.     Arcangel repeats and realleges the responses and allegations contained in ¶¶ 1 through 77 of this Answer as if fully set forth herein.

78.     Arcangel denies the allegations contained in ¶ 78 of the Complaint, except to admit having received monies in the past from solely authored works, including *Super Mario Clouds* and *Totally Fucked*.

79.     Arcangel neither admits nor denies the allegations contained in ¶ 79 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To

the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 79 of the Complaint.

80.     Arcangel neither admits nor denies the allegations contained in ¶ 80 of the Complaint, which consists of legal conclusions as to which no responsive pleading is required.  To the extent a responsive pleading is deemed required, Arcangel denies the allegations contained in ¶ 80 of the Complaint.

Arcangel denies that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF" and "JURY DEMAND" clauses of the Complaint, or to any relief at all, from Arcangel.  All allegations contained in the Complaint that are not admitted expressly herein, or are neither admitted nor denied but to which a response is required, are denied.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state valid claims for relief against Arcangel upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred insofar as the damages allegedly incurred by Plaintiff were not directly or proximately caused by Arcangel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred insofar as Plaintiff's alleged damages were caused by Plaintiff's own conduct, or the conduct of his agents, representatives and

consultants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred based upon the doctrine of unclean hands and/or Plaintiff's own inequitable conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred because Plaintiff has failed to identify any legally cognizable damage that he has suffered as a result of the allegedly wrongful actions or inaction of Arcangel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred by the doctrines of estoppel, waiver, abandonment, and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery may be barred and/or limited to the extent Plaintiff failed, refused and/or neglected to mitigate or avoid any damages allegedly sustained.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are not ripe and are therefore not justiciable.

## TENTH AFFIRMATIVE DEFENSE

Arcangel reserves the right to assert any and all additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## <u>COUNTERCLAIMS</u>

Defendant/Counterclaim-Plaintiff Cory Arcangel by way of his counterclaims against Plaintiff/Counterclaim-Defendant Paul B. Davis alleges as follows:

## THE PARTIES

1.     Counterclaim-Plaintiff Cory Arcangel ("Arcangel") is an individual who resides in Norway.

2.     Upon information and belief, Counterclaim-Defendant ("Davis") is an individual who resides in the United Kingdom.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§1331 and 1338. This Court has federal question jurisdiction in this matter in that Arcangel seeks damages against Davis herein under the U. S. Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.

4.     The Court has personal jurisdiction over Davis because Davis has consented to personal jurisdiction in this forum by initiating the above-captioned litigation in this forum.

5.     Venue is proper pursuant to 28 U.S.C. § 1391 and § 1400 because Davis' acts of infringement and other wrongful conduct have occurred in the Eastern District of New York, Davis and/or his agent(s) reside(s) and/or may be found in the Eastern District of New York, and Davis has sufficient minimum contacts with the Eastern District of New York.

## BACKGROUND

A. **Davis Removes Arcangel's Artwork from the Beige Programming Ensemble Website**

6.     After graduating from The Oberlin Conservatory of Music in 2000, Arcangel, Davis, and friends created the Beige Programming Ensemble, a loosely organized multimedia programming collective.

7.      From the early 2000s, each member of the Beige Programming Ensemble, including Davis and Arcangel, had access to the Beige Programming Ensemble website (https://web.archive.org/web/20050423190718/http://www.post-data.org/beige/).

8.      Each member, including Arcangel and Davis, could add their own work, and each member's work was credited to the specific author within the Beige Programming Ensemble.

9.      Arcangel lost access to the Beige Programming Ensemble website in 2010, although the page remained live.

10.     Davis has editing access to the Beige Programming Ensemble website and is the web administrator.

11.     In 2021, Davis edited the Beige Programming Ensemble website and deleted attribution of Arcangel's authorship to his own artwork that remained on the Beige Programming Ensemble website.

12.     For example, since 2003 Arcangel was listed as the sole author of *Super Mario Clouds*[1] and *I Shot Andy Warhol*,[2] two artworks developed and produced solely by Arcangel.  In 2021, Davis deleted these credits from the Beige Programming Ensemble site without Arcangel's knowledge or consent.

**B.  Davis Creates a Counterfeit Arcangel Website that Advertises and Sells Unauthorized Artwork**

13.     In 2020, Davis published a counterfeit version of Arcangel's former home page (the "Infringing Site") and has published Arcangel's registered copyrighted works without permission

---

[1]https://web.archive.org/20031117074445/http://www.post-data.org/beige/mario.html.
[2]https://web.archive.org/20031118141947/http://www.post-data.org/beige/warhol.html.

for his own personal, commercial gain, and has been selling unauthorized products developed and produced solely by Arcangel via live Paypal links.

14.     Arcangel's personal homepage was previously located at the Beige Records website at http://www.beigerecords.com/cory/ from approximately 2000 to 2010.

15.     In 2010, Arcangel moved his personal homepage to a new website he created, http://www.coryarcangel.com, and placed a re-direct at http://www.beigerecords/cory/ so web users who visited that address would automatically be re-directed to http://www.coryarcangel.com.

16.     Unbeknownst to Arcangel, Davis deleted the redirect function so that web users visiting Arcangel's former personal homepage, http://www.beigerecords/cory/, remained there. The removal of the redirect tricks users into believing Arcangel continues to associate himself with Beige, a helpful narrative for Davis's claim that the so-called "Joint Works," including *Super Mario Clouds,* were all created under the Beige umbrella. The removal of the redirect also gives the impression to visitors of the Beige Records site that Arcangel authorizes and/or endorses this site, which he does not.

17.     Davis also edited the Beige Records "About Us" webpage to falsely suggest that the "Joint Works" were all created under the "BEIGE name and rubric" and that the Beige "utopia" ended when "ideas and work shared with the group started appearing as Cory' [Arcangel's] solo work."

18.     In or about March 2020, Davis published the Infringing Site in a version which looks similar to Arcangel's homepage in 2006, although certain parts have been re-authored by Davis without Arcangel's knowledge or consent.  For example, Davis changed the placement of the *Super Mario Clouds* page and mis-matched Arcangel's design throughout the Infringing Site.

19.     Davis also inserted himself into the narrative, claiming authorship, of *Super Mario Clouds* on an associated Infringing Site page[3] in an attempt to share in Arcangel's success years after *Super Mario Clouds* was developed and released by Arcangel in 2002 to critical acclaim.

20.     Davis also altered a 2003 New York Times article that he posted on the Beige Records website which attributed *Super Mario Clouds* to "**Cory Arcangel/Beige**":



21.     On the Beige Records site, Davis photoshopped and removed the "Cory Arcangel/Beige" credit for *Super Mario Clouds* so that all that was left was "Beige's 'Super Mario Clouds 2002'":



---

[3]https://web.archive.org/web/20210422210724/http://www.beigerecords.com/cory/21c/21c.html.

22.     To top it off, the Infringing Site also contains two products for sale with live Paypal links so that users can purchase Arcangel's work. Arcangel recently received three Paypal money wires for products listed on the Infringing Site. These products are held out for sale, without authorization, at prices well beneath any contemporary pricing for Arcangel's work. Arcangel was forced to refund the purchases because these products have not been available since 2007.

23.     In September 2021, Arcangel put Davis on notice of the Infringing Site and the unauthorized purchases and demanded that Davis remove the Infringing Site immediately. Davis ignored Arcangel's demand.

**C. The Infringing Site, Which Davis Exclusively Controls, Displays an Arcangel Artwork That has Been Registered With the United States Copyright Office**

24.     The Infringing Site features many of Arcangel's artworks, including an electronic file titled "disco2":



25.     Disco2 is registered with the United States Copyright Office, Registration No. VA0002276765 (the "Copyright Work").

26.     As of November 29, 2021, the Infringing Site is still live and features the unauthorized Copyright Work, along with many of Arcangel's other artworks (collectively, the "Works").

27.     Davis is infringing Arcangel's copyright by reproducing, distributing, and displaying the Copyright Work online, including on Davis's Infringing Site.

28.     The Infringing Site is optimized for search engine response and prominently appears on the first page of search engine results for Arcangel.  People search for Arcangel's information or work are misdirected to the Infringing Site solely by Davis's actions.

29.     Davis' infringing conduct was, and continues to be, willful and with full knowledge of Arcangel's rights to the published artworks, including the Copyright Work and other Works.

## FIRST COUNTERCLAIM
### (Copyright Infringement)

30.     Arcangel repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

31.     The Copyright Work was independently designed, developed, and completed by Arcangel.

32.     Arcangel filed an application for copyright registration with the United States Copyright Office for the Copyright Work, Registration Number VA0002276765.

33.     Arcangel is the sole owner of a valid and subsisting copyright in the Copyright Work.

34.     All of Davis's acts and omissions set forth above, including without limitation continuing to display and publish the Copyright Work and other Works after Arcangel demanded that Davis take down the Infringing Site, were performed without the permission, license, authority or consent of Arcangel.

35.     Davis's acts and omissions set forth above constitute acts of copyright infringement by Davis of Arcangel's copyright in the Copyright Work.

36.     Davis' infringements are willful and intentional inasmuch as Davis was or should have been aware, and had reason to believe, that his acts constituted infringements of Arcangel's copyright.

37.     As a result of the willful and intentional conduct hereinabove set forth, Arcangel is entitled to a permanent injunction prohibiting any further publication, distribution and electronic transmission or other commercial exploitation of the Copyright Work, or any other work which infringes upon the Copyright Work.

38.     Davis has acted with willful blindness to and in reckless disregard of Arcangel's copyrights.

39.     As a result, Davis continues to unlawfully profit from his infringing conduct.

40.     Davis is liable to Arcangel for copyright infringement under 17 U.S.C. § 501.

41.     Arcangel has suffered damages, and is entitled to recover damages, which include actual damages, statutory damages, and any and all profits Davis has made as a result of his wrongful conduct, under 17 U.S.C. § 504.

42.     Arcangel is also entitled to injunctive relief pursuant to 17 U.S.C. § 502, including ordering Davis to cease his infringing acts.

43.     Arcangel is also entitled to recover his attorney's fees and costs of suit under 17 U.S.C. § 505.

### SECOND COUNTERCLAIM
**(Accounting)**

44.     Arcangel repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

45.     By reason of the foregoing, Arcangel is entitled to an accounting from Davis and payment of all damages due to Arcangel in connection with Davis' improper and unauthorized commercial exploitation of the Copyright Work and other Works, including, but not limited to royalties, monies and copyright interests received by Davis in connection with the Copyright Work and other Works.

## THIRD COUNTERCLAIM
### (Unjust Enrichment)

46.     Arcangel repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

47.     Davis has failed to make payments for proceeds received for the Copyright Work and other Works to Arcangel and has been unjustly enriched at Arcangel's expense.

48.     Davis has obtained monetary gains and other pecuniary and economic advantages in connection with the Copyright Work and other Works.

49.     As a result of Davis' aforementioned wrongful conduct, he has been unjustly enriched in an amount to be determined at trial.

50.     Arcangel is entitled to recover such an amount, including the gains, profits and advantages obtained by Davis as a result of his wrongful conduct.

## FOURTH COUNTERCLAIM
### (Deceptive Acts and Practice Under N.Y. Gen. Bus. L. § 349)

51.     Arcangel repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

52.     Arcangel owns all right, title and interest to the Copyright Work and other Works on the Infringing Site.

53.     Consumers identify the Copyright Work and other Works exclusively with Arcangel.

54.     Upon information and belief, Davis, without Arcangel's authorization or consent, and having knowledge of Arcangel's rights, has attempted to sell Arcangel's Copyright Work and/or other Works and has offered goods for sale through live Paypal links on the Infringing Site.

55.     Upon information and belief, Davis's use of Arcangel's name and/or other intellectual property is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the products sold on the Infringing Site, and is likely to deceive the public into believing that goods and/or services being offered for sale by Davis originate from, are associated with, or are otherwise authorized by Arcangel.

56.     Davis's deceptive acts and practices involve public sales activities of a recurring nature.

57.     The acts of Davis have caused and are causing great and irreparable harm and damage to Arcangel, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

## FIFTH COUNTERCLAIM
**(Violation of Right to Privacy and Publicity Under N.Y. Civil Rights Law § 51)**

58.     Arcangel repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

59.     Davis has used Arcangel's name, image and likeness within the state of New York for advertising and/or for the purpose of trade on the Infringing Site.

60.     Davis's use of Arcangel's name, image and likeness has been without the authorization of Arcangel or anyone authorized by him to give such authorization.

61.     Davis's use of Arcangel's name, image and likeness has caused injury to him in an amount to be proven at trial.

62.     Davis's use of Arcangel's name, image and likeness in the manner described herein is forbidden and/or unlawful pursuant to Section 50 of New York Civil Rights Law.

63.     Arcangel therefore demands exemplary damages under Section 51 of New York Civil Rights Law.

64.     Furthermore, Section 51 of the New York Civil Rights Law provides a right to injunctive relief to restrain the unauthorized use of a person's name for purposes of advertising or trade purposes within New York State.

65.     The acts of Davis have caused and are causing great and irreparable harm and damage to Arcangel, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

66.     Arcangel therefore demands that Davis be enjoined and restrained pursuant to Section 51 of the Civil Rights law of the State of New York from using Arcangel's name for advertising purposes or purposes of trade.

WHEREFORE, Arcangel demands judgment:

A.      On the First Counterclaim, for injunctive relief, actual damages, statutory damages, and attorneys' fees and costs in an amount to be proven at trial.

B.      On the Second Counterclaim, for an accounting to determine all damages due to Arcangel.

C.      On the Third Counterclaim, for actual damages sustained by Arcangel as a result of Davis' wrongful acts in an amount to be proven at trial.

D.      On the Fourth Counterclaim, for injunctive relief and actual damages sustained by Arcangel as a result of Davis' wrongful acts in an amount to be proven at trial.

E.      On the Fifth Counterclaim, for injunctive relief, actual damages, and exemplary damages in an amount to be proven at trial.

### REQUEST FOR JURY TRIAL

Arcangel requests a trial by jury of all issues raised that are triable by jury.

Dated:  New York, New York
        December 10, 2021

                                    THOMPSON LLP

                                    By: /s/ Andrew R. Goldenberg
                                    Andrew R. Goldenberg, Of Counsel (AG 8213)
                                    Benjamin S. Thompson (BT2176)
                                    75 Broad Street, Suite 2120
                                    New York, New York 10004
                                    Telephone: (212) 920-6050
                                    Facsimile: (646) 924-3040

                                    *Attorneys for Defendant and
                                    Counterclaim-Plaintiff Cory Arcangel*